1  Kamal Morsy Ismaiel
   A# 43-103-167
2  U.S. Department of Homeland Security
   El Centro Processing Center
3  1115 North Imperial Avenue
   El Centro, CA 92243



FILED

DEC 1 7 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# FOR
# THE SOUTHERN DISTRICT OF CALIFORNIA

KAMAL MORSY ISMAIEL

[A#  43-103-167]

        Petitioner,

        Vs.

MICHAEL CHERTOFF, SECRETARY
OF THE DEPARTMENT OF HOMELAND
SECURITY, MICHAEL MUKASEY,
ATTORNEY GENERAL, ROBERT CULLEY,
DEPUTY FIELD OFFICE DIRECTOR, SAN
DIEGO / CALIFORNIA, U.S IMMIGRATION
AND CUSTOM  ENFORCEMENT, ROBERT G
RILLAMAS- OFFICER – IN – CHARGE,EL
CENTRO DETENTION CENTER.

        Respondents,

CIVIL ACTION NO:

'07 CV 2359 DMS POR

PETETION
FOR
WRIT OF HABEAS CORPUS

[ 28 U.S.C & 2241].

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U. S. C. 2241

Petitioner, KAMAL MORSY ISMAIEL hereby petitions this Court for a writ of habeas

corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and

complaint for injunctive relief, Petitioner alleges as follows:

# CUSTODY

1.    Petitioner is in the physical custody of Respondent and the department of Homeland Security ("DHS") former Immigration and Naturalization Service (INS). Petitioner is detained at the El Centro Processing Center in El Centro California. "The DHS housed immigration detainees in El Centro such as Petitioner". Petitioner is under the direct control of Respondent and their agents.

# JURISDICTION

2.    This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U. S. C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act Of 1996  (IIRIRA), Pub L. No. 104 – 208, 110 Stat. 1570, and the Administrative Procedure Act  ("APA"), 5 U. S. C.  § 701 et seq.

3.    This Court has jurisdiction under 28 U. S. C.  § 2241; art. I § 9, cl. 2 of the United Sates Constitution ("Suspension Clause"); and 28 U. S. C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United Sates. This court may grant relief pursuant to 28 U. S. C. § 2241 5 U. S.C. § 702, and the All writs Act, 28 U. S.C. § 1651. This Court also has jurisdiction over this case and these issued pursuant to 28 Usc 1331. Constitutional and federal law governing immigration establishes subject-matter jurisdiction. 28 U.S.C. § 2241 gives the district court jurisdiction to grant relief when a person is detained in violation of the constitution or federal law **Magna-Pizano v Reno** 144 F. 3d 603, 610 (9th Cir.2000) (citations omitted): **Goncalves v. Reno** 144 F.3d 110, 119 (1st Cir 1998). **In Reno v. American-Arab Anti-Discrimination Committee**, 525 U. S. 471, 482, 83 (1999), the Supreme court makes that this habeas petition is not barred by 8 USC 1252 (g). Jurisdiction also extends to final orders of deportation, despite changes in immigration law regarding judicial scrutiny enacted in 1996. **See INS v Cyr,** 533 US 289 314 92001). **Bravo v. Ashcroft,** 341 F. 3d 590, 592-93 (5th Cir. 2003), **Zadyvas v Underdown**, 185 F.3d 279 (5thCir.) stated "that federal courts retain jurisdiction to

review statutory and constitutional claims" as well as to hear challenge to continue detention of deportable immigrant. **Zadyvas v. Davis** 533 US. 682, 687. The court therefore, has every right to hear Mr. Ismaiel's claim. Also this court has jurisdiction under **Tijani v. Willis**, 430 F.3d 1241 (9th Cir. 2005) and **Nadarajah v. Gonzales**, 443 F. 3d 1069 (9th Cir. 2006)

4.      Petitioner has exhausted any and all administrative remedies to the extent required by law.

### VENUE

5.      Pursuant to **Braden v. 30th Judicial Circuit Court of Kentucky,** 410 U. S. 484, 493-500 (1973), venue lies in the United States District Court for the Southern District of California, the judicial district in which Petitioner resides.

### PARTIES

6.      Petitioner is a native and citizens of Egypt. Petitioner was first taken into BICE custody, on July 13, 2006 the, and has remained in BICE custody continuously since that date. Petitioner was ordered removed on January 29, 2007.

7.      Respondent Michael Chertoff, is the secretary of the Department of Homeland Security of the United States and is responsible for the administration of the DHS and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Chertoff has ultimate custodial authority over petitioner.

8.      Respondent Michael Mukasey, Attorney General is the Attorney General of the United States and is responsible for the administration of the DHS and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Mukasey has ultimate custodial authority over petitioner.

9.      Respondent Robert Culley is the District Director of the San Diego Field office of the BICE and is petitioner's immediate custodian **See Vasquez v. Reno,** 233 F. 3d 688, 690 (1st Cir. 200), cert. denied, 122 S. Ct. 43 (2001).

KAMAL MORSY ISMAIEL  A# 43-103-167          {PAGE } **3**          Petition for writ of Habeas Corpus

10.    Respondent Robert G. Rillamas, is the Commissioner of the BICE. He is responsible for the administration of the BICE and implementation and enforcement of the INA. As such, MR. Rillamas is the Officer in Charge of El Centro Detention Center, he is the legal custodian of petitioner.

## FACTUAL ALLEGATIONS

11.    Petitioner Kamal Morsy Ismaiel is (57) years old native and citizen of Egypt, entered the United States legally in 1977 as a visitor with B-2 Visa, and became a Lawful Permanent Resident (LPR) in 1991. Mr. Ismaiel was charged with Grand theft and forgery in the Superior Court of Santa Clara / California for violation of Penal Code.484 / 487(A) and was sentenced to (90) days in county jail he never served any days in County Jail instead, he was sent to ( Work Furlough ) for 54 Days and was placed on probation, in the plea agreement was mentioned that the sentence could be later reduced to 17(b), Petitioner was placed on probation, Mr.Ismaiel violated his probation for not showing up to his probation appointment, and was sentenced to 14 months to state prison, after he was released from state prison on July 13, 2006, he was picked by the (DHS) and was placed on removal proceedings.

12.   On September 21, 2006, the Immigration Judge (IJ)ruled that Petitioner's crime was an aggravated felony and that is also an particularly serious crime render him from any kind of relief and ordered Mr. Ismaiel to be deported to Egypt due to his criminal convection. Mr.Ismaiel appealed the IJ decisions to the BIA claiming that his crime was not aggravated felony, and that its also not particularly serious crime.

13.   To date, however, the BICE has been unable to remove the Petitioner to Egypt or any other country. Because petitioner was granted a stay of removal by the Court of Appeals for the Ninth Circuit .

14.    Petitioner has cooperated with all efforts by the INS to removed petitioner from the United States. Petitioner cooperated with (DHS) to obtained a traveler document.

## ARGUMENT

### THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.

15.    In **Zadvydas v. Davis** 533 U. S. 678 (2001). The Supreme Court in held those six months is the presumptively reasonable period during which INS may detain aliens in order to effectuate their removal. Id. at 702. Interim administrative regulations also recognize that the HQPDU has six-month period for determining whether there is significant likelihood of an alien's removal in the reasonable foreseeable future. 8 C. F.R. 241. 13 (b)(2) (ii).

16.    Petitioner was ordered removed on September 21, 2006, and the removal order became final on September 21, 2006, Therefore, the six-month presumptively reasonable removal period for Petitioner ended on March 21, 2007.

17.    This is a very thin precedential reed on which respondents would rest a sweeping denial of liberty. Respondents would have this Court uphold an automatic rule of detention co-terminous with any legal challenges the deportee raises. That, however, is not only unfair, but it is not the law of this Circuit.

### Ninth Circuit Case Law Supports This Court's Exercise of Discretion in Releasing Deportees from Detention During the Pendency of Colorable Challenges to the Predicate Proceedings Underlying Their Removals.

18.    In **Tijani v. Willis**, 430 F.3d 1241 (9th Cir. 2005), the Court reviewed a § 2241 habeas petition before judge Hayes by deportee who had been held in custody for 32 months awaiting the outcome of his Appeals. Distinguishing **Demore v. Kim,** 538 U.S. 510 (2003), because **Tijani** did not concede he was deportable, the Court ordered his release unless he was provided with a bail hearing and found unsuitable for release under the usual factors of risk of flight or danger to the community. Id. at 1242.

19.    In his concurring opinion, judge Tashima expanded on the reasoning underlying the decision in order to provide guidance to the courts. Id. at 1243 (Tashima, J., concurring). Judge Tashima saw the heart of the case to be a problematic decision, **In re Joseph,** 22 I. & N. Dec. 799 (BIA 1999), which he stated erroneously treated 8 U.S.C. § 1226 (C) as permitting indefinite detention. Id. at 1243-44. Rather, **Zadvydas** made it clear that "[w]hen such a fundamental right

[as personal liberty] is at stake, the Supreme Court has insisted on heightened procedural protections to guard against the erroneous deprivation of the right." Id. at 1244. The natural limitation on authority to detain, in Judge Tashima's view, is "[o]nly those immigrants who could not raise a 'substantial' argument against their removability should be subject to mandatory detention. Id. at 1247. Such a standard "strikes the best balance between the alien's liberty interest and the government's interest in regulating immigration." Id. Because **Tijani** had a potentially meritorious claim that his conviction was not a categorical crime of removal turpitude, he made a showing of a "substantial argument" which would warrant release on appeal. Id. at 1247-48. Conversely, those detainees who cannot raise a substantial argument against their deportation have an incentive to flee if not detained, so release is not appropriate. Id. at 1247. Noting the perverse penalizing effect of detention for those who have the best reasons to stay and fight, Judge Tashima observed, "By subjecting immigrants who, like **Tijani**, raise difficult questions of law in their removal proceedings to detention while those proceedings are conducted, the **Joseph** standard forces those immigrants to endure precidely who **Tijani** has endured: detention that lasts for a prolonged period of months or years." Id. at 1246.

20.     Similarly, In **Nadarajah v. Gonzales**, 443 F. 3d 1069 (9th Cir. 2006), a case brought before Judge Burns, the Court considered an indefinite detainee held under suspicion of terrorist affiliation. **Nadajarah** was seeking to challenge his detention and to support his claim for asylum, but the government relied on the silence of the asylum detention statute to detain **Nadajarah** while his litigation proceeded. Id. at 1076-78. However, the Court of Appeals held that the asylum detention statute was equally subject to the strictures of **Zadvydas**. Id. at 1082. Moreover, the Court held the principles of Fed. R. App. Proc. 23(b) allowing release on bail pending appeals apply to such immigration detentions. Id. at 1083. The usual standards operate in such cases: (1) probability of success on merits and irreparable harm; or (2) serious legal question and a balance of the hardships. Id. Moreover, the probability of success correspondingly lessens at the length of detention increases Id. 1083-84. In **Nadarajah**, the Court found the 52 months of detention were great hardship that accordingly reduced the required showing of likelihood of success.

21.     Petitioner's case compares favorably in the fact situation in **Tijani** and **Nadarajah**, and therefore he is equally entitled to consideration for release. Like **Tijani**, petitioner can raise his

argument for release through the vehicle of a § 2241 petition, and he too can point to substantial arguments regarding both his predicate criminal conviction and the deportation proceeding.

22.    Petitioner has raised three substantive arguments attacking these predicate proceedings. First, he has argued that he was not subject to the "stop-time" rule, which deprived him of the ability to seek relief from removal. This is because his criminal conviction for Grand Theft was not categorical crimes of an aggravated felony because petitioner was never sentenced to state prison for his crime he was sentenced to (90) days in County jail which he never serve a day instead he was sent to work furlough for (54) days. Petitioner is in process to vacate his criminal conviction under petition of erroe coram nobis P.C § 1016.5,  If it is not an aggravated felony, then it did not stop time for petitioner to accrue continuous residence, allowing him to apply for discretionary relief under 8 U.S.C § 1229 b (d)(1). Nor would it count as bases for deportation under 8 U.S.C. § 1227(a)(2)(A)(ii). Second, petitioner has argued that he was never provided with interpreter during the criminal proceedings which is violation to his due process and also he was never informed of the immigration consequences of his guilty pleas in the underlying criminal cases. Under California Law, this is ground of vacating his guilty plea and overturning his conviction. See Cal Penal Code § 1016.5 (imposing statutory duty upon judiciary to warn aliens about immigration consequences of guilty plea); **People v. Gontiz,** 58 Cal. App. 4th 1309 (1997) (court must inform defendant of all immigration consequences as required by statute); **People v. Soriano,** 194 Ca. App. 3d. 1470 (1987) (allowing defendant to withdraw guilty plea for failure to advise of immigration consequences). Third, petitioner was deprived of effective assistance of counsel and the right to obtain an interceptor during substantial and a critical portion of his criminal proceedings.  Any one of these claims would count as a "substantial question" under the Tashima analysis in **Tijani**; together, they show petitioner has reasonable basis for his legal challenges. As Judge Tashima observed, the detainee need not show certainty of outcome to gain release, just that "a closer look is surely required." **Tijani**, 430 F.3d at 1248 (Tashima, J., concurring).

23.    Also in **Nadarajah**, petitioner here can demonstrate a basis for release under the factors in Fed. R. App. P. 23(b). He raises three substantive and complex legal questions. His continued loss of personal liberty in itself constitutes irreparable harm. As for the balance of hardship, whereas the Court in **Nadarajah** found that 52 months detention was very burdensome detention which correspondingly lessened the required showing of likely success on appeal, petitioner here

has been in custody since January 5, 2006, and in respondents custody since July 13, 2006. His burden of probable success, too, must be significantly lessened.

24.    Balancing the factors identified in case law for release of detainees while legal challenges are pending, petitioner is entitled to release at least as much as petitioners in **Tijani** and **Nadarajah**.

### A Bond of not More Than $1.500 Is Appropriate on the Circumstances of this Case.

25.    Respondents request, in the alternative, that if petitioner is released from their custody, this court order a bond be posted. Petitioner opposes the setting of any financial condition as inappropriate and unnecessary.

26.    In striking down a civil commitment statute which placed the burden on the detainees to prove they were not a danger to the public in order to obtain release, the Supreme Court in **Foucha v. Louisiana,** 504 U.S. 71 (1992), noted that "[I]n our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 83, **quoting United States v. Salerno, 481** U.S. 739, 755 (1987). The Supreme Court likewise relied on **Foucha** and Salerno in **Zadvydas** to hold that indefinite civil confinement of deportees was unacceptable. See 533 U.S. at 690-91.

### REQUEST FOR RELIEF

WHEREFORE,  The petitioner request that this Honorable Court order the respondents to release him from custody under the condition of supervision set forth in 8 U.S.C § 1231 (a)(3).

I affirm, under penalty of perjury, that the foregoing is true and correct

November 24, 2007

KAMAL MORSY ISMAIEL

Kamal Morsy Ismaiel
A# 43-103-167
U.S. Department of Homeland Security
El Centro Processing Center
1115 North Imperial Avenue
El Centro, CA 92243

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINTMENT OF COUNSEL.**

## CERTIFICATE OF SERVICE

I, Kamal Morsy Ismaiel, hereby declare under penalty of perjury that the foregoing is true and correct; I further certify that I am the above-entitled Petitioner to the above matter and that on, November 24, 2007, I served a true copy of the above mentioned motion upon the following person(s)[1]:

United States District Court
Southern District of California
880 Front Street  Suite # 4290
San Diego, CA 92101-8900

Assistant U.S. Attorney
880 Front Street 6293
San Diego, CA  92101

Respectfully filed,

KAMAL MORSY ISMAIEL

[1] This Pro-Se filing is deemed filed upon delivery to prison authorities. See Fed. R. App.  25 (a)(c).  Houston v. Lack, 487 U.S. 266, 101 L. Ed. 245, 108, S. Ct. 2379 at 274, 275 (1988).

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

**FILED**

DEC 17 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY NV1                    DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Kamal Morsy Ismaiel** | **Chertoff, etal** |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED **Imperial** PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) _____ <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| **Kamal Morsy Ismaiel** <br> **1115 North Imperial Avenue** <br> **El Centro, CA 92243** <br> **A# 43-103-167** | **'07 CV 2359 DMS POR** |

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)      FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 USC 2241

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 536 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☑ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: <br> JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    12/17/2007                          SIGNATURE OF ATTORNEY OF RECORD

PAID $5 - 12/18/07 BM 12COTH 145628          R. Mulh

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145628    — BH

## December 18, 2007
## 09:06:51

### Habeas Corpus

USAO #.: 07CV2359 HABEAS FILING
Judge..: DANA M SABRAW
Amount.:                    $5.00 MO
Check#.: 11856914010

## Total-> $5.00

FROM: HABEAS CORPUS
      ISMAIEL V. CHERTOFF ET AL